Chief Justice Robeutson,
delivered the opinion of the court.
This writ of error is brought to reverse a judgment for damages assessed by a jury on a covenant to “survey and patent (for the covenantee) one hundred acres of land on Hurricane creek, the waters of Big Sandy.”
A writ of inquiry was awarded on the default of the plaintiffs in error, who, as administrator and heirs of the covenantor, were sued as defendants. The record does not shew that any process had ever been served on them or any of them. The judgment must therefore be reversed. But as the legal effect of the covenant will necessarily be again, as on the former inquiry, a subject of controversy, it will be proper to notice, now, the errors on that point which are complained of. This we shall do in brief and general terms, without a formal discussion of the grounds assumed by the counsel for the plaintiffs.
The covenant is not void, in consequence of generality or uncertainty. Although it may not be such a *606 contract as could be specifically enforced; yet, as it is a contract to do a specified act, damages may be recovered fora breach.
Covenant ‘‘to survey & patent (for cove-nantee) 100 acres of land on Hurricane creek, the waters of Big Sandy” is not a contract for the sale of land; nor is it within the statute of frauds and perjuries.
saie oí icuiu our statute of frauds requires, only ting contain1" ise^andiñ this’respect, differs from Charles°f which requir-meut”'to^e8 in writing, When contract is for
M’Connell, for plaintiffs; A. Davis, for defendant.
Nor is the contract within either the letter or spirit of the statute of frauds and perjuries. It is nota contract for the sale ofland, but an obligation merely to procure a grant for the covenantee, and to pay whatever such a title may cost; and even if it had been a contract for the sale of land, the writing contains as much as the Kentucky statute requires; to-wit, “thepromise:” In this respect our statute differs from that of Charles which required the “agreement” to be in writing.
According to its legal construction, the covenant might have been discharged by obtaining a patent for the covenantee, for 100 acres of land any where on “Hurricane;” and of course, parol evidence would not be admissible to contradict, qualify, or restrict the legal import of the covenant, by shewing that any particular tract of land was intended by the parties.
If the parties contemplated the appropriation of any particular tract of 100 acres, and its designation by the covenant was omitted through mistake, relief fr°m effect of the contract, as written, could he obtained only in chancery.
Judgment reversed, and cause remanded for a new trial; as the plaintiffs in error are now parties to the action, service of process upon them will not be necessary.